# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MD ELTON R. KERR,

      Plaintiff,                  :            Case No. 3:07-cv-297

    -vs-                                        Chief Magistrate Judge Michael R. Merz

                                  :

MD WILLIAM W. HURD, et al.,

      Defendants.

## DECISION AND ORDER

This case is before the Court on Defendant William M. Hurd's Motion for Judgment on the Pleadings (Doc. No. 14) which Plaintiff opposes (Doc. No. 22) and as to which Defendant Hurd has filed a Reply Memorandum in Support (Doc. No. 24).

In ruling on a motion for judgment on the pleadings, the Court must accept all the factual allegations of the complaint as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Paskvan v. City of Cleveland Civil Serv. Comm'n.*, 946 F.2d 1233, 1235 (6th Cir. 1991)(citing *Beal v. Missouri Pacific R.R.,* 312 U.S. 45, 51, 61 S. Ct. 418, 85 L. Ed. 2d 577 (1941)). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993). This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

The purpose of Fed. R. Civ. P. 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*,

814 F.2d 277, 279 (6th Cir. 1987).  Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case."  Wright & Miller, FEDERAL PRACTICE AND PROCEDURE:  Civil 2d §1356 at 294 (1990).

Defendant argues on the basis of well-established law that a complaint under 42 U.S.C. § 1983 which is ambiguous as to the capacity in which a defendant is sued is to be interpreted as suing him in an official capacity only.  Plaintiff responds that Defendant Hurd has been notified by the "course of the proceedings" that he is sued under § 1983 in his individual capacity only, relying on *Moore v. City of Harriman,* 272 F.3d 769 (6th Cir. 2001).  Defendant responds with the unpublished opinion of Judge Boyko in *Pilgrim Motor Sports Sales & Serv. v. Ohio,* 2006 U.S. Dist. LEXIS 66640 (N.D. Ohio, 2006), analyzing a "course of proceedings" situation and distinguishing it from *Moore*.

This Court concludes there is no need to decide whether the "course of proceedings" has adequately notified Dr. Hurd of the capacity in which he is sued.  The Complaint as it stands is formally insufficient to make clear the capacity in which he is sued, but there is no impediment to making that formally certain.  Little or no discovery has occurred in the case and counsel have concurred that a new scheduling order is made necessary by the delay occasioned by substituting the trustee in bankruptcy for the original Plaintiff.

Accordingly, it is hereby ORDERED:

1. Defendant Hurd's Motion for Judgment on the Pleadings is granted.  All claims against Dr. Hurd in his official capacity under federal law or as an employee of Wright State University School of Medicine will be dismissed without prejudice.

2. Plaintiff shall file an amended complaint setting forth unambiguously the capacities in which Defendant Hurd is sued not later than June 26, 2008.  Based on Plaintiff's Memorandum in

    Opposition, the amended complaint will not include any claims against Dr. Hurd in his official capacity under either federal or Ohio law.

3.     Defendant Hurd shall file an amended answer responding to the amended complaint not later than July 3, 2008.

June 16, 2008.

s/ **Michael R. Merz**<br>
Chief United States Magistrate Judge