# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MD ELTON R. KERR,

      Plaintiff,            :            Case No. 3:07-cv-297

    -vs-                                   Magistrate Judge Michael R. Merz

                              :

MD WILLIAM W. HURD, et al.,

      Defendants.

## DECISION AND ORDER

This case is before the Court on Plaintiff's motion for further relief[1] (Doc. No. 61) from this Court's Decision and Order of March 19, 2009 (Doc. No. 47). That Order struck Plaintiff's lay witness list and provided:

> Should Plaintiff seek relief from this Order, he shall do so by filing a motion accompanied by
> 1. A list identifying any witness Plaintiff desires to call at trial with an address and telephone number and an actual synopsis of the facts Plaintiff expects to elicit from that witness; and
> 2. A showing of cause as to why each of said witnesses was not timely identified.

*Id.* at 3-4. A month later and only ten days before the discovery cut-off, Plaintiff filed his Motion for Reconsideration (Doc. No. 51). In it he pared his witness list from eighty-eight to twenty, but the Court, for reasons stated, found he had not shown good cause or excusable neglect for his delay (Decision and Order of April 22, 2009, Doc. No. 60). Despite that failure, the Court found there

---

[1]The Motion was docketed by Plaintiff's counsel as "Motion to Approve Consent Judgment."

1

would be no prejudice to Defendant from allowing Plaintiff to call at trial those persons whose depositions had already been set to occur before the discovery cut-off, to wit, Plaintiff himself, "Dr. Hurd, Dr. Gary Ventolini, Dr. Margaret Dunn, Dr. Lawrence Amesse, Jocelyn Piccone, and Gail Smith. He may also present his wife Marga Kerr provided she presents herself for deposition in Dayton, Ohio, not later than April 30, 2009." *Id.* at 5.)

Plaintiff seeks to add to his list Janet Ruckrigl. She should have been among those the Court listed in the April 22, 2009, Order because she was then scheduled for deposition and has now been deposed, but was omitted by the Court. Plaintiff may call Janet Ruckrigl as a lay witness at trial.

Five persons on Plaintiff's lay witness list which was stricken are named as witnesses by Defendant: Dr. Sheila Barhan, Dr. Janice Duke, Dr. Teresa Amesse. Kathleen Neumann, and Ken Sillaman. The Court concludes there is no prejudice to Defendant in allowing Plaintiff to call these witnesses in his case in chief and he may do so, provided he makes them available during his case.

Plaintiff again seeks to add his spouse, Marga Kerr, to the list although she did not present herself for deposition as ordered. He argues that the Court's prior Order would have required her to come to Dayton for deposition on April 27, 2009, the only date on which a deposition was not scheduled between April 22 and April 30, 2009. The Court's prior Order is AMENDED as follows: Marga Kerr may testify at trial as a witness in Plaintiff's case in chief provided she presents herself for deposition in Dayton, Ohio, not later than May 31, 2009.

Plaintiff seeks to add as a witness Dr. Ene George whom he claims Defendant has generically identified as "John/Jane Doe, former WSUSOM medical student(s)." This does not constitute a sufficient identification by Defendant such that Defendant is not prejudiced by the identification of this person by name; he may not be added to Plaintiff's list.

Plaintiff seeks "a reasonable extension of discovery," but does not indicate how much additional time he wants or what discovery he needs or wants to accomplish in that time or offer any

suggestion of why it was not accomplished within the agreed-upon discovery deadline. His only stated reason why he should be entitled to this is that discovery has been extended to allow for completion of Dr. Kerr's deposition. That was done, however, only as an accommodation to Dr. Kerr, who was said to be unable to remain in Dayton at the end of April for a psychological evaluation and completion of his deposition. Plaintiff has not shown good cause for any extension of discovery.

In the instant Motion, Plaintiff asserts for the first time that Defendant's lay witness list does not comply with General Order No. 1. The Court declines to consider this argument as it is made far too late in the process, raised for the first time after the discovery cut-off.

Plaintiff's Motion is GRANTED to the extent set forth above and otherwise DENIED.
May 11, 2009.

s/ **Michael R. Merz**

United States Magistrate Judge