# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MD ELTON R. KERR,

      Plaintiff,    :    Case No. 3:07-cv-297

  -vs-    Magistrate Judge Michael R. Merz

    :

MD WILLIAM W. HURD, et al.,

      Defendants.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This case is before the Court on Plaintiff Van Noy Culpepper's[1] Motion for Partial Summary Judgment against Defendant Wright State Physicians, Inc. (Doc. No. 87) At the time it employed Dr. Elton Kerr, Wright State Physicians, Inc., was known as University Medical Services Association, Inc., and it is referred to in this decision as "UMSA". UMSA opposes the Motion (Doc. No. 98) and Plaintiff has filed a Reply Memorandum in Support (Doc. No. 104).

Because the parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) in this case, the Magistrate Judge is authorized to decide this dispositive motion.

The Court has subject matter jurisdiction over Plaintiff's breach of contract claim under 28 U.S.C. § 1367. Ohio law applies to the decision of that claim. 28 U.S.C. §1652; *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841). The parties contract

---

[1]Van Noy Culpepper is the trustee in bankruptcy for Dr. Kerr and was substituted as Plaintiff in that capacity.

provides that Ohio law will apply, and neither party disputes that it does.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id.* The opposing party must "do more than simply show that there is some metaphysical doubt as to the material

facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F.2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F.3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Alexander v. Caresource,* ___ F.3d ___, 2009 U.S. App. LEXIS 18209 (6th Cir. Ohio 2009), citing *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F.2d 606, (6th Cir.

1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.,* 260 F.3f 574, 581 (6th Cir. 2001). "Materiality is determined by the substantive law claim." *Boyd v. Baeppler,* 215 F.3d 594, 599 (6th Cir. 2000). An issue is genuine if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.,* 14 F.3d 1143, 1148 (6th Cir. 1994), quoting *Anderson,* 477 U.S. at 248. Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala,* 205 F.3d 937, 943 (6th Cir. 2000). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Simmons-Harris v. Zelman,* 234 F.3d 945, 951 (6th Cir. 2000), *rev'd on other grounds,* 536 U.S. 639 (2002). Thus, a factual dispute which is merely colorable or is not significantly probative will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States,* 991 F.2d 292, 296 (6th Cir.), *cert. denied* 510 U.S. 976 (1993); *see also, Int'l Union United Auto., Aerospace & Agriculture Implement Workers of America v. BVR Liquidating, Inc.,* 190 F.3d 768, 772 (6th Cir. 1999), *cert. denied* 529 U.S. 1076 (2000).

**Analysis**

Plaintiff seeks summary judgment as to liability only on his claim for breach of contract against UMSA, with the issue of damages to be left for trial.

Dr. Kerr became employed at Wright State University's School of Medicine in 1999. On July 1, 1999, he also became employed by UMSA which is the only entity through which School of Medicine faculty are permitted to receive income for providing patient care. His contract for employment with UMSA is denominated "Full Time Faculty Employment Agreement" and a copy

is attached to his Affidavit (Ex. 1 to Doc. No. 87). The term of the contract which he alleges UMSA has breached is ¶ 4 which reads in part as follows:

> Compensation. UMSA shall provide Physician, as compensation for Physician's employment and performance of the duties and responsibilities herein, such regular and additional compensation as Physician and the Chair of the SOM Department of primary appointment of which Physician is a member may from time to time agree. UMSA shall pay to Physician such compensation in accordance with UMSA's regular practices from time to time in effect for its physician employees.

In his Affidavit, Dr. Kerr states that "[a]fter I was hired, I was paid the agreed upon salary." Kerr Affidavit, ¶ 4. He does not tell us what that agreed-upon salary was. He continues that he thereafter received occasional increases of pay which were agreed upon by him and the Department Chair. *Id*. He does not describe what process was used to reach the initial agreed-upon salary or what process was used to reach agreement on the increases. After Dr. Hurd became Chair of the Department of Obstetrics, he asked Dr. Kerr to agree to decreases in his salary, to which he never agreed. *Id*. at ¶ 5[2].

In its Memorandum in Opposition, UMSA asserts that there was a clear and agreed-upon process for reaching agreement on the amount of compensation for each fiscal year. (Memo. in Opp., Doc. No. 98, at 3-4.) It incorporates by reference a section of its own Motion for Summary Judgment describing that process in detail and Dr. Kerr's participation in it. (Doc. No. 83 at 15-21.)

In his Reply Memorandum, Plaintiff does not offer any evidence to contradict UMSA's description of the process which was used to reach agreement on annual compensation. Instead, Plaintiff insists that the parol evidence rule prohibits the Court from considering this process, relying on *Shifrin v. Forest City Enterprises, Inc.*, 64 Ohio St. 3d 635, 597 N.E. 2d 499 (1992), where the

---

[2] UMSA does not agree with this statement of fact in Dr. Kerr's Affidavit and claims that the Affidavit contradicts his deposition testimony. The Court need not resolve that dispute for purposes of the instant Motion, nor need it decide the question whether Dr. Kerr's continued performance under the contract legally constituted acceptance, again for purposes of the instant Motion.

5

court stated:

> Generally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus; *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 544 N.E.2d 920, syllabus. Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions. *Kelly, supra*, at 132, 31 OBR at 291, 509 N.E.2d at 413. When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 246, 7 O.O.3d 403, 406, 374 N.E.2d 146, 150.

*Id*. at 638. This much is clearly established Ohio law, undisputed by either party. But general propositions do not decide specific cases. The contract here is unambiguous in providing that UMSA must pay Dr. Kerr whatever amount he and the Chair of the Department agree upon from time to time. The contract itself does not provide a mechanism for reaching agreement nor does it say what will happen if agreement is not reached.

Dr. Kerr's implicit interpretation of the contract is that, once he and the Department Chair agreed on a salary, that salary could not be reduced without his consent. That, however, is not what the contract says and indeed the contract plainly contemplates that the compensation will be changed from time to time, leaving open the possibility of change downward as well as upward.

The Court concludes the contract is ambiguous as to how the agreed-upon compensation is to be determined and therefore parol evidence is admissible to show if there was an agreed-upon process for reaching a compensation amount. UMSA has provided competent parol evidence of the existence of the process for determining compensation annually. Therefore Plaintiff is not entitled to partial summary judgment on his claim of breach of contract.

Plaintiff's Motion for Partial Summary Judgment is denied.

August 27, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge