# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MD ELTON R. KERR,

      Plaintiff,               :         Case No. 3:07-cv-297

     -vs-                                     Magistrate Judge Michael R. Merz

                                      :

MD WILLIAM W. HURD, et al.,

      Defendants.

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

This case is before the Court on Defendant Wright State Physicians' Motion for Reconsideration of Court's decision and Order Granting Plaintiff's Motion to Order Payment of Expert Witness Fees (Doc. No. 93). Plaintiff opposes reconsideration (Doc. No. 103) and Defendant has filed a Reply in support (Doc. No. 108). The Court's Order granting the original motion for payment of expert fees was conclusory and the Court accepts Defendant's invitation to consider its rationale in more depth.

Analysis begins[1] with Fed. R. Civ. P. 26(b)(4)(C) which provides:

> Unless manifest injustice would result, the court must require that the party seeking discovery
>
> (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B)

Thus the Rule mandates that the Court order payment of a reasonable fee. Wright State

---

[1]The Court pretermits any discussion of the appropriateness of motions for reconsideration.

1

Physicians concedes that the two remaining questions manifest on the face of the rule -- (1) what fee would be reasonable and (2) how much time did the expert spend in "responding to discovery" – are committed to the sound discretion of the Court. It does not claim that awarding a fee in this instance would result in manifest injustice. It further concedes that the three hours Mr. Stover spent actually being deposed are compensable. Rather, admitting that he spent the time, it questions its responsibility to pay for the five hours Mr. Stover spent preparing for the deposition, comprising four hours of document review and one hour consultation with Mr, Folkerth. Finally, Wright State Physicians does not contest further the hourly rate at which Mr. Stover seeks to be compensated, presumably because he has shown it is his usual and customary rate for his services charged to clients generally.

Both parties argue competing precedent at some length. The Court notes that none of the cited cases announces a rule binding on this Court – none is from the Sixth Circuit or this Court itself and the Court has no local rule or standing order which bears on the subject. Rather than parsing the competing cases, the Court turns to Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d, who write:

> Compensation for time spent preparing for the deposition has proved a divisive issue. As noted above, the open-ended possibility that much ordinary trial preparation might be charged to the opponent by this device warrants caution. At the same time, it is hard to deny that the deposition-preparation process, like the deposition itself, requires additional effort by the expert for which he or she is likely to insist on being paid. Some courts have allowed such preparation time to be compensated while others have refused, although even those will allow it in extraordinary circumstances. Perhaps no overarching rule is appropriate, but judicial sensitivity to the underlying considerations surely is.

§ 2034 (citations omitted.

The Court agrees that no rule is appropriate to deal with the situation. The Court is persuaded that no abuse has been demonstrated here where the ratio of preparation time to

deposition time is only five hours to three. The Court appreciates Defendant's claim that Mr. Stover had to reacquaint himself with the underlying data in part because the deposition was delayed about five months from the time when it was requested. However, the Court notes that nearly as much time expired between the production of the report and the first request for deposition. Without getting into complex calculations of cognitive dynamics, it would be hardy to say that less refreshment of recollection is needed after four months than after nine.

All things considered, the Court is not persuaded to modify its prior decision. While reconsideration has been granted, the Court denies any further relief. Wright State Physicians shall pay Mr. Stover's fee in the amount previously ordered.

September 1, 2009.

                                                            s/ **Michael R. Merz**
                                                               United States Magistrate Judge